**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKBAL SINGH NIJJAR, | No. 09-71650 |
| Petitioner, | Agency No. A073-417-086 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Akbal Singh Nijjar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen.  We

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Nijjar's second motion to reopen as untimely and number-barred where the successive motion was filed nearly six years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Nijjar failed to demonstrate changed circumstances in India to qualify for the regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988-89.

We reject Nijjar's contention that the BIA did not adequately examine his evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (finding petitioner had not overcome the presumption that the BIA reviewed the record); *see also Najmabadi*, 597 F.3d at 990 (the BIA "does not have to write an exegesis on every contention"). Further, Nijjar's contentions that the BIA failed to apply the proper legal standard or address his claim for relief under the Convention Against Torture are belied by the record.

**PETITION FOR REVIEW DENIED.**